UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | Civil Action No. _____ |
| SANTANDER BANK, N.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| A. CHARLES PERUTO, JR., THE LAW | : | **DEMAND FOR TRIAL BY JURY** |
| OFFICES OF A. CHARLES PERUTO, JR., , | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Plaintiff Santander Bank, N.A. ("Santander"), by its attorneys, Parker Ibrahim & Berg LLC, for its Complaint against Defendants A. Charles Peruto, Jr. ("Peruto") and The Law Offices of A. Charles Peruto, Jr. (the "Firm") (collectively, "Defendants"), allege as follows:

## INTRODUCTION

1.      Over the past several months, Peruto has engaged in a targeted attack against Santander, one of the leading retail banks in the United States.  What began as a commercially sophisticated customer filing against Santander a simple lawsuit – which was recently dismissed as meritless by the Eastern District of Pennsylvania – has now erupted into an all-out war against the bank, as Peruto seeks to exact his personal vendetta against Santander in the court of public opinion.

2.      Prior to the dismissal of his lawsuit, Peruto began protesting mere steps from the front door of numerous Philadelphia and surrounding suburban branches of Santander, proclaiming that Santander was a "thie[f] of the first degree."  Despite the fact that these protests

have caused significant disruptions at Santander's branch locations, Santander took no action against Peruto.

3.   On November 4, 2016, however, Peruto crossed the line.

4.   That morning, Peruto erected two digital billboards facing both the northbound and southbound lanes of Interstate 95.  The billboards used Santander's own federally protected typeface, logo, font and coloring, and boldly declared:  "Santander:  The Bank That Robs You." With this patently false, disparaging and defamatory accusation, Peruto transformed from disruptive protester to active usurper of Santander's trademark, disparaging and defaming Santander's business, ethics, reputation and goodwill by accusing Santander of committing a crime, causing irreparable harm, and untold pecuniary losses.

5.   With this suit, Santander seeks compensatory and punitive damages, as well as attorneys' fees and statutory damages, for Defendants' commercial disparagement, defamation, trade libel, tortious interference, and violations of the Lanham Act.  In addition, Santander seeks injunctive relief against Defendants, requiring the removal of the offending billboards and prohibiting Defendants from erecting any further billboards or engaging in further defamatory and disparaging speech.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c).

7.   This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. § 1367.

8.      This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction), as the parties are completely diverse in citizenship and the amount in controversy well exceeds $75,000.00.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Defendants reside in this district and all of the acts described in this Complaint occurred in this district.

## PARTIES

10.     Plaintiff Santander Bank, N.A. is a national bank.   Santander's articles of association designate Delaware as the site of its main office.  Likewise, the website of the Office of the Comptroller of the Currency lists 824 N. Market St., Suite 100, Wilmington, DE as the headquarters of Santander.

11.     Defendant A. Charles Peruto, Jr. is an adult individual located at 2101 Pine Street, Philadelphia, PA 19103.

12.     Upon information and belief, Defendant The Law Offices of A. Charles Peruto, Jr. is a sole proprietorship located at 2101 Pine Street, Philadelphia, PA 19103.

## FACTS

### I.      Santander's Business.

13.     Santander is a national bank that is chartered by the Comptroller of the Currency of the U.S. Treasury.  Santander is a wholly owned subsidiary of Santander Holdings USA, Inc., a Virginia Corporation.  Effective January 30, 2009, Banco Santander S.A. acquired all of the outstanding common stock of Sovereign Bancorp, Inc., which is now known as Santander Holdings USA, Inc. pursuant to a corporate name change effective February 3, 2010.  *See* Declaration of Quianna Agent-Phillips in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, dated November 7, 2016 ("Santander Decl."), ¶ 2.

14.     Santander is one of the top retail banks by deposit in the United States and its parent company, Banco Santander S.A., is one of the most respected banks in the world serving more than 100 million customers in the United Kingdom, Latin America and Europe. *See id.*, ¶ 3.

15.     Santander has 675 U.S. branch locations located in Pennsylvania, New Jersey, Delaware, Connecticut, Massachusetts, New Hampshire, New York, and Rhode Island. *See id.*, ¶ 4.

16.     Santander has nearly 10,000 employees in the United States.  It offers an array of financial services and products including retail banking, corporate banking, consumer lending and commercial lending. *See id.*, ¶ 5.

17.     To that end, Santander's corporate culture has enacted a motto of "Simple, Personal & Fair," which defines how Santander conducts business and interacts with its customers.  Underscoring this philosophy is Santander's commitment to deal with customers in a fair and equal manner and to be trustworthy.  *See id.*, ¶ 6; http://www.santander.com/csgs/ Satellite/CFWCSancomQP01/en_GB/Corporate/About-The-Group/Corporate-culture.html   (last visited Nov. 6, 2016).

18.     Santander has also implemented numerous programs that encourage community service, charitable giving, and volunteerism, resulting in thousands of Santander hours spent every year helping its neighbors, fellow citizens and communities. *See id.*, ¶ 7.

19.     Santander believes that it can and should have a positive impact in its communities. Santander gives back to its communities each day through its financial education program, its Charitable Contributions Program and by partnering with higher education institutions.  Santander's Charitable Contributions Program makes donations to

charitable organizations in the neighborhoods where its customers and colleagues live and work. Santander partners with programs that make a measurable difference in the lives of low-income and moderate-income individuals and communities. In addition to grant support, Santander volunteers provide financial education, technical assistance, serve on Boards and assist with other organizational development needs. *See id.*, ¶ 8.

20.     Santander's efforts to build and maintain its reputation and goodwill are reflected in the various international banking awards and recognitions received by Santander and its affiliates such as: (a) Top 100 Most Respected Companies in the World; (b) Best Consumer Bank in the World, by Global Finance, 2014; (c) World's Greenest Bank, by Bloomberg Markets, 2013; (d) Top 5 in Mobile Banking Smartphone Ratings, by Javelin Strategy & Research, 2013; (e) World's Most Valuable Brands, by Forbes, 2013 and 2014; (f) Best Global Brands, by Interbrand, 2013 and 2014; (g) Sustainable Global Bank of the Year – Transactions, by Financial Times, 2013 and (h) Best Checking Account, by NerdWallet, 2013. *See id.*, ¶ 9.

## II.     Peruto's Unsuccessful Lawsuit Against Santander.

21.     On June 6, 2016, Peruto filed a Complaint in the Court of Common Pleas of Philadelphia relating to a commercial loan transaction he entered into with Santander. *See* Declaration of Fred W. Hoensch, Esq. in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, dated November 7, 2016 ("Hoensch Aff."), ¶ 24.

22.     On June 27, 2016, Santander filed an Answer and New Matter, and on the same day, Peruto filed a Reply to Santander's New Matter. *See id.*, ¶ 25.

23.     In his Complaint, Peruto asserts four counts against Santander: (i) Breach of Contract, (ii) Violation of Pennsylvania Unfair Trade and Consumer Protection Act

("UTPCPL"), (iii) Fraudulent Misrepresentation, and (iv) Unjust Enrichment/Detrimental Reliance.

24.     On July 29, 2016, defendant Meridian Capital Group, LLC ("Meridian") removed this action to the District Court. *See id.*, ¶ 27.

25.     On August 15, 2016, Meridian filed a Motion to Dismiss Peruto's Complaint. *See id.*, ¶ 28.

26.     On August 26, 2016, Santander filed its Motion for Judgment on the Pleadings. *See id.*, ¶ 29.

27.     On October 24, 2016, the Court dismissed all of Peruto's claims with prejudice. *See id.*, ¶ 30.  As the Court explained in its opinion, all of Peruto's claims were barred under well-settled Third Circuit and Pennsylvania law.

28.     Following the Court's dismissal of Peruto's lawsuit, on October 25, 2016, Peruto filed a Notice of Appeal to the Third Circuit. *See id.*, ¶ 31.

29.     On November 4, 2016, Santander filed a Motion for Summary Affirmance with the Third Circuit. *See id.*, ¶ 32.

### III.   Peruto's Protests Outside Various Santander Branch Locations.

30.     While Peruto's underlying lawsuit was still pending in the Eastern District of Pennsylvania, Peruto instituted a campaign against Santander in the court of public opinion.

31.     On September 23, 2016, Peruto and others staged a protest at the Santander branch at 1500 Market Street in Philadelphia.

32.     Since that date, Peruto and these protestors have continued to stage protests at several Santander branches in the greater Philadelphia area.

33.     During these protests, which occur merely steps from the entrance to the Santander branch locations, the protesters distribute leaflets to passersby and carry signs accusing Santander of theft, and disparaging Santander with such sayings as "SANTANDER: Thieves of the first degree!"

34.     Peruto's actions not only attracted the attention of Santander's current and prospective customers, his actions also attracted media attention.

35.     On October 17, 2016, philly.com published a story entitled, "Who's that picketing Santander Bank?  Why it's lawyer Chuck Peruto."  *See* http://www.philly.com/philly/columnists/ stu_bykofsky/397362071.html (last visited November 6, 2016).

36.     In the article, Peruto is quoted as saying "These people are thieves," while gesturing towards Santander's storefront.

37.     Peruto is also quoted as saying that he "goes out once or twice a week with volunteers to picket various Santander branch offices."

38.     Notwithstanding the fact that Peruto's ongoing protests were causing significant disruption at the various branches, Santander elected to take no legal action against Peruto, but instead to allow the Court to decide the merits – or lack thereof – of Peruto's lawsuit and Santander's Motion for Judgment on the Pleadings.

**IV.     Peruto Erects Two Billboards Along the I-95 Corridor.**

39.     On Friday, November 4, 2016, Peruto took his protests to a new level, by purchasing two digital billboards (the "Billboards") along Interstate 95 in Philadelphia.

40.     The same day, the Philadelphia Metro newspaper published an article regarding the Billboards, entitled "Philly lawyer buys billboard in war with bank" (the "Billboard Article").

41.    The Billboard Article contains a photograph of the Billboards, which read "Santander: The Bank That Robs You."  Notably, the Billboards contain Santander's federally registered trademark and trade dress, which use has not been authorized by Santander.  Indeed, the red and white rectangular mark depicted in the Billboards is SANTANDER & Design, U.S. Trademark Registration No. 4110931.  *See* Santander Decl., ¶¶ 15-16.  The Billboards are depicted as follows:



42.    The Billboard Article contains, *inter alia*, the following pertinent passages:

a.    "'It may get me sued, but I'm in it to win it,' said Philly defense attorney Chuck Peruto. . . ."

b.    "They robbed me."

c.    "'And they just want to take it? F--k you,' he said."

d.    "For Peruto, this battle is clearly personal.  Enough that he plunked down $25,000 for the billboard after months trying to find an advertising company willing to let him put it up.  This company only agreed after he took personally all legal liability related to the billboard, he said."

e.    "I initially thought that I might get their attention and then I realized how f-----g callous they are."

8

     a.  "But the pickets seem to be having some effect.  One well dressed man stopped to shake his hand as he picketed Friday: 'I took my money out of Santander because of you,' he told Peruto."

43.    The Billboard Article also contains a link to video of Peruto (located at https://www.youtube.com/watch?v=iK7cV5npwW0), in which Peruto states:

     a.  "They absolutely robbed me without a gun."

     b.  "I'm not going away. I'm not giving up.  And I'm not going to stop protesting until everyone in this building and this bank knows what Santander did."

44.    The Billboards are located on the roof of a building located at 1000-52 Frankford Avenue, Philadelphia, Pennsylvania (the "Building").  One of the Billboards faces the northbound lanes of Interstate 95 and the other faces the southbound lanes of Interstate 95.

45.    According to the Pennsylvania Department of Transportation, every day I-95 in Pennsylvania carries an average of 102,000 vehicles.  Further, every day I-95 carries through Center City an average of 160,000 vehicles.  *See* Hoensch Decl., ¶ 9.

46.    The Building houses a concert venue known as The Fillmore.  The Fillmore features a 2,500 capacity live music club, as well as a 450-capacity smaller club within.  The Fillmore holds live events, including events held on Friday, November 4, 2016 (comedians Bridget Everett and Murray Hill), Saturday, November 5, 2016 (GRiZ, the Geek x Vrv and Haywyre), and Sunday, November 6, 2016 (The White Buffalo).  The Billboards, located on the roof of The Fillmore, are viewable from the ground, and were viewable by the countless patrons who attended the above-referenced events.

47.    The Billboards also denote that they are "*paid for by peruto.com."  Peruto.com is the commercial website of the Law Offices of A. Charles Peruto, Jr., which advertises Peruto's

legal services, including the fact that he "provides expertise in almost all areas of the law." *See* http://www.peruto.com (last visited November 6, 2016).

## FIRST CAUSE OF ACTION

### False Advertising – 15 U.S.C. § 1125(a)

48.     Santander repeats and realleges each of the allegations contained in paragraphs 1 through 47 of this Complaint.

49.     The Billboards specifically state that they were "*paid for by peruto.com," and direct countless motorists and passersby to the website for The Law Offices of A. Charles Peruto, Jr., which is an advertisement of legal services and a solicitation of clients.

50.     By utilizing Santander's federally registered trademark and trade dress without authorization, Defendants have deceived the general public in several ways.  Most notably, it implies that Defendants have a history of representing the general public in cases involving Santander, and that Peruto is soliciting potential clients and offering his legal services in representing those clients against Santander.

51.     This intended deception is likely to influence the purchasing decisions of those who see the Billboards on I-95, those who view the Billboards from The Fillmore, and those who view the YouTube video.

52.     This false and misleading advertising has injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm, and (v) damage to employee morale and loyalty.

53.    Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm.  Santander, therefore, should be awarded injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Commercial Disparagement

54.    Santander repeats and realleges each of the allegations contained in paragraphs 1 through 53 of this Complaint.

55.    Defendants made false statements while protesting at the Santander bank branches, holding picket signs reading:  "Thieves of the first degree!"

56.    Defendants made additional false statements on the Billboards and in the You Tube video, including the statements "The Bank That Robs You," and "They robbed me, they absolutely robbed me, without a gun."

57.    Defendants either intended or reasonably should have recognized that their actions and statements would cause Santander to experience financial loss.

58.    Indeed, Defendants know that actual loss has occurred, given that, as reported in a November 4, 2016 Metro article, Peruto stated that a person told him that he had withdrawn his money from Santander based on Peruto's picketing of Santander's offices.

59.    Defendants' inflammatory, disparaging, defamatory, and false statements about Santander has injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm, and (v) damage to employee morale and loyalty.

60.     Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm.  Santander, therefore, should be awarded injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

## THIRD CAUSE OF ACTION

### Defamation

61.     Santander repeats and realleges each of the allegations contained in paragraphs 1 through 60 of this Complaint.

62.     Defendants published their defamatory statements on the Billboards, on the internet, and on picket signs.

63.     These comments plainly applied directly to Santander, given that Santander's protected trademark was used, and a recipient would understand that the statement "Santander: The Bank That Robs You" was intended to apply to Santander.

64.     Likewise, a recipient would understand that the statement "Thieves of the First Degree" mere steps from the entrance to Santander's various branches was also intended to apply to Santander.

65.     By making such statements, Defendants have accused Santander of committing a crime.

66.     Defendants' inflammatory, disparaging, defamatory, and false statements about Santander have injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm, and (v) damage to employee morale and loyalty.

67.     Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm. Santander, therefore, should be awarded injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Trade Libel

68.     Santander repeats and realleges each of the allegations contained in paragraphs 1 through 67 of this Complaint.

69.     Defendants published their defamatory statements on the Billboards, on the internet, and on picket signs, stating, among other things, "Santander: The Bank That Robs You" and "Thieves of the First Degree".

70.     Defendants' publication of said statements was made with malice. Peruto is quoted in the Billboard Article as stating, "It may get me sued, but I'm in it to win it," "F--k you," referring to Santander, and "then I realized how f-----g callous they are."

71.     Defendants know that actual pecuniary loss has occurred, given that, as reported in the Billboard Article, Peruto stated that a person told him that he had withdrawn his money from Santander based on Peruto's picketing of Santander's offices.

72.     Defendants' inflammatory, disparaging, defamatory, and false statements about Santander has injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm, and (v) damage to employee morale and loyalty.

73.     Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm.  Santander, therefore, should be awarded injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Tortious Interference with Business or Contractual Relations

74.     Santander repeats and realleges each of the allegations contained in paragraphs 1 through 73 of this Complaint.

75.     In the YouTube video, while standing in front of a Santander office, Peruto stated: "I'm not gonna stop protesting until everyone in this building and this bank knows what Santander did."

76.     By his own admission, Peruto stated that he intended to interfere with Santander's business relationships with its customers.

77.     To achieve this objective, Defendants have spent countless hours picketing at the entrance to Santander branches, as well as erecting the Billboards viewable from both directions of Interstate 95, one of the busiest traveled roads, and from the roof of The Fillmore.

78.     Defendants also admit that their actions have caused at least one customer to withdraw all of his money from Santander.

79.     Defendants' tortious activities have injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm and (v) damage to employee morale and loyalty.

80.     Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm.  Santander, therefore, should be awarded injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Trademark Infringement – 15 U.S.C. § 1114

81.     Santander repeats and realleges each of the allegations contained in paragraphs 1 through 80 of this Complaint.

82.     Santander owns federally registered trademarks, including the trademarks SANTANDER (U.S. Reg. No. 2864845), SANTANDER & Design (U.S. Reg. No. 4110931).

83.     Defendants improperly used those trademarks on the Billboards without Santander's permission.

84.     Such use is likely to cause customer confusion due to similarity between Santander's Marks and the trademark appearing on the Billboards, and due to the purported link on the Billboards between Santander and Peruto's law firm.

85.     Defendants' use of Santander's trademark has injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm, and (v) damage to employee morale and loyalty.

86.     Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm.  Santander, therefore, should be awarded injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Trademark Dilution – 15 U.S.C. § 1125(c) and 54 Pa.C.S.A. § 1124

87.     Santander repeats and realleges each of the allegations contained in paragraphs 1 through 86 of this Complaint.

88.     Santander owns federally registered trademarks, including the trademarks SANTANDER (U.S. Reg. No. 2864845), SANTANDER & Design (U.S. Reg. No. 4110931).

89.     Santander's trademark is famous, given its use in 675 bank branches in the United States and in many advertisements.

90.     Defendants' use of the trademark on the Billboards began on November 4, 2016, well after the trademark became famous.

91.     Defendants' use of the Santander trademark is intended to drive traffic to Peruto's law firm website, and will dilute the capacity of the trademark to distinguish Santander's products and services.

92.     Defendants' use of Santander's trademark has injured and will continue to injure Santander through the (i) permanent loss of current accounts and customers and the corresponding loss to future revenue, (ii) loss of future accounts and prospective customers, (iii) loss of customer goodwill, (iv) reputational harm, and (v) damage to employee morale and loyalty.

93.     Because of Defendants' actions, Santander has also suffered, and will continue to suffer economic injury and irreparable harm.  Santander, therefore, should be awarded entitled to injunctive relief, as well as monetary damages, punitive damages, and attorneys' fees.

WHEREFORE, Plaintiff Santander Bank, N.A. respectfully requests that the Court enter judgment against Defendants A. Charles Peruto, Jr. and The Law Offices of A. Charles Peruto, Jr., and provide Santander with the following relief:

A.      An order that preliminarily and permanently enjoins Defendants, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, from:

1.  Erecting any billboard or advertisement utilizing Santander's trademarks;

2.  Erecting any billboard or disseminating any document, including but not limited to pamphlets, papers, leaflets, or advertisements described in this Complaint, or any other billboard or document substantially similar thereto;

3.  Displaying on the internet any YouTube video pertaining to the Billboards, including but not limited to the November 4, 2016 YouTube video;

B.      Monetary damages, including punitive damages, for Defendants' actions constituting commercial disparagement;

C.      Monetary damages, including punitive damages, for Defendants' actions constituting defamation;

D.      Monetary damages, including punitive damages, for Defendants' actions constituting trade libel;

E.      Monetary damages, including punitive damages, for Defendants' actions constituting false advertising;

F.     Monetary damages, including punitive damages, for Defendants' actions constituting trademark infringement;

G.     Monetary damages, including punitive damages, for Defendants' actions constituting trademark dilution;

H.     An award of attorneys' fees and costs to Santander, pursuant to 15 U.S.C. §§ 1125(a), 1114, and 1125(c);

I.     An award of the costs and disbursements of this action; and

J.     Such other and further relief as the Court may deem just and proper.

Dated: November 7, 2016

Respectfully submitted,

By: _____

PARKER IBRAHIM & BERG LLC
Fred W. Hoensch, Esq.
1635 Market Street, Floor 11
Philadelphia, Pennsylvania 19103
(267) 908-9808 (telephone)
(267) 908-9888 (facsimile)

*Attorneys for Plaintiff*,
Santander Bank, N.A.